# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVID WILLIAMS, Inmate Booking No. 14732898,<br><br>                               Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                               Defendants. | Civil No.   14cv1816 GPC (PCL)<br><br>**ORDER:**<br><br>**(1) VACATING NOVEMBER 12, 2014 ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* ("IFP");**<br><br>**(2) DISMISSING ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A; AND**<br><br>**(3) DENYING MOTION TO PROCEED IFP AS MOOT**<br><br>**(Doc. No. 18)** |

Joshua David Williams ("Plaintiff"), currently incarcerated at California Institute for Men located in Chino, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1). On July 31, 2014, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2). The Court denied Plaintiff's Motion because he failed to file a certified copy of his prison trust account statement as required by 28 U.S.C.

1  § 1915(a)(2). (ECF No. 3.) The Court permitted Plaintiff to file a renewed Motion and
2  informed him he must comply with the Court's Order requiring the trust account
3  statement. (ECF No. 3 at 3.)

4  Plaintiff then filed a second Motion to Proceed IFP but, once again, he failed to
5  submit a certified copy of his inmate trust account statement. (ECF No. 4.) Thus, the
6  Court denied Plaintiff's Motion and informed him that he must file a certified copy of
7  his inmate trust account statement as required by 28 U.S.C. § 1915(a)(2).

8  Plaintiff has now filed a *third* Motion to Proceed IFP but he continued to fail to
9  provide the required certified copy of his inmate trust account statement. (ECF No. 18).
10 Accordingly, the Court denied Plaintiff's Motion to Proceed IFP  pursuant to 28 U.S.C.
11 § 1915(a)(2) and this action was dismissed for failing to comply with a Court Order.
12 (ECF No. 19.) However, on the date that this Order was electronically entered, Plaintiff
13 filed a certified statement of his inmate trust account. (ECF No. 21.) Therefore, the
14 Court will **VACATE** the November 12, 2014 Order and sua sponte screen Plaintiff's
15 Complaint ("Compl") pursuant to 28 U.S.C. § 1915A.

16 **I.     Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

17 The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the
18 Court to review complaints filed by anyone "incarcerated or detained in any facility who
19 is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or
20 the terms or conditions of parole, probation, pretrial release, or diversionary program,"
21 "as soon as practicable after docketing" and regardless of whether the prisoner prepays
22 filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). The Court must sua
23 sponte dismiss prisoner complaints, or any portions thereof, which are frivolous,
24 malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. §
25 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

26 Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C.
27 § 1915A(b)(1) because it is duplicative of a case Plaintiff has already filed. Plaintiff's
28 Complaint contains identical claims that are found in *Williams v. Scripps Hospital, et al.*,

S.D. Cal. Civil Case No. 14cv1643 AJB (NLS).  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).  Because Plaintiff has already litigated the same claims presented in the instant action in *Williams v. Scripps Hospital, et al.*, S.D. Cal. Civil Case No. 14cv1643 AJB (NLS), the Court hereby **DISMISSES** Civil Case No. 14cv1816 GPC (PCL) pursuant to 28 U.S.C. § 1915A(b)(1).  *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

## II. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) The Court's November 12, 2014 Order is **VACATED**; and

(2) Plaintiff's Complaint in Civil Case No. 14cv1816 GPC (PCL) is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  Plaintiff's Motion for Leave to Proceed IFP (ECF No. 18) is **DENIED** as moot.

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: March 10, 2015

HON. GONZALO P. CURIEL
United States District Judge